**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE M. GUNTER, | ) No. CV 16-07527-AS |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**PROCEEDINGS**

On October 7, 2016, Plaintiff Alice M. Gunter ("Plaintiff") filed a Complaint seeking review of the Commissioner's denial of Plaintiff's application for Social Security period of disability, Disability Insurance Benefits and Supplemental Security Income disability benefits. (Docket Entry No. 1). On February 28, 2017,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for Acting Commissioner Carolyn W. Colvin in this case. See Fed. R. Civ. P. 25(d).

1

Defendant filed an Answer to the Complaint along with the Certified Administrative Record ("AR"). (Docket Entry Nos. 15-16). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 11, 12). The parties filed a Joint Stipulation ("Joint Stip.") on July 5, 2017, setting forth their respective positions on Plaintiff's claims. (Docket Entry No. 19).

## SUMMARY OF ADMINISTRATIVE DECISION

On October 22, 2012, Plaintiff, formerly employed as a retail sales clerk, security guard, bank teller, assistant manager, and waitress, (AR 61-64, 235), filed an application for Social Security Disability benefits, alleging disability beginning on December 1, 2009. (AR 78-79). On January 23, 2015, Administrative Law Judge ("ALJ") Sally Reason held a hearing. (AR 18). However, in order to obtain additional evidence as well as expert witness testimony, the hearing was postponed. (Id.). On May 11, 2015, the ALJ held a re-scheduled hearing, at which she heard testimony from Plaintiff, medical expert ("ME") Dr. Herbert Tanenhaus, and vocational expert ("VE") Gail Maron. (AR 41-76). At the administrative hearing, Plaintiff, through counsel, amended the alleged onset date to January 1, 2012. (AR 58). On May 26, 2015, the ALJ denied Plaintiff's application. (AR 15-36).

The ALJ applied the five-step process in evaluating Plaintiff's case. At step one, the ALJ found that Plaintiff met the insured status requirements of the Act on December 31, 2014 and had not engaged in substantial gainful activity from the amended onset date

of January 1, 2012 through her date last insured of December 31, 2014. (AR 20). At step two, the ALJ found that Plaintiff had the following severe impairments: Post Traumatic Stress Disorder (PTSD)[2]; anxiety; depression; right knee osteoarthritis; and obesity. (AR 21). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a Listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 23).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) except she can sustain posturals frequently (but not constantly); and she can tolerate occasional interaction with the public, co-workers, and supervisors. (AR 25).

In arriving at her conclusion, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (AR 27).

At step four, the ALJ determined that Plaintiff could not perform any past relevant work. (AR 34). At step five, the ALJ found that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that

---

[2] The ALJ noted that Plaintiff's history "was significant for military sexual trauma, of being raped at Navy boot camp in 1998." (AR 32).

3

existed in significant numbers in the national economy that Plaintiff could perform. (AR 35).

**STANDARD OF REVIEW**

This court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001). As a result, "[i]f the evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ (1) failed to fully and fairly develop the record; and (2) erred in holding that Plaintiff's limited activities of daily living demonstrate that her symptoms are not severe enough to be considered disabling. (Joint Stip. at 3, 12-14).

4

**DISCUSSION**

After reviewing the record, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material legal error.[3]

**A. Plaintiff's Newly Submitted Evidence Does Not Undermine The Substantial Evidence Supporting The ALJ's Decision**

Plaintiff alleges that, by closing the record before additional evidence was submitted, the ALJ failed to properly discharge her duty to fully and fairly develop the record. (Joint Stip. at 3-6). Specifically, Plaintiff contends that the ALJ closed the record before Plaintiff submitted her United States Department of Veteran Affairs ("VA")[4] disability determination, consideration of which "may well have resulted in a different outcome in this case." (Joint Stip. at 5). Defendant counters that the VA rating decision does not undermine the substantial evidence supporting the ALJ's findings. (Joint Stip. at 12). The Court agrees.

"The ALJ always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir.

---

[3] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

[4] Plaintiff is a veteran of the Navy. (AR 30).

5

2003); see also Garcia v. Comm'r of Soc. Sec., 768 F3d 925, 931 (9th Cir. 2014) (finding that ALJ's duty to develop the record included ordering a complete set of IQ scores for claimant with intellectual disability); but see McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011) (even if ALJ failed to develop record, claimant must still show prejudice).

Plaintiff contends that the ALJ "explicitly acknowledged that Plaintiff's VA disability determination – a vital document that would have been accorded 'great weight' [] – was missing from the record at the time of the decision." (Joint Stip. at 5). Despite this, Plaintiff argues, the "ALJ's decision gives no indication that she made any efforts whatsoever to obtain these highly probative records." (Joint Stip. at 5).

Defendant counters that the ALJ fulfilled her duty to develop the record when she indicated to Plaintiff's counsel that she wanted more information regarding the VA rating decision and then offered Plaintiff's counsel the opportunity to submit such evidence. (Joint Stip. at 8). Defendant points out that "Plaintiff's counsel neglected to timely obtain evidence from the VA, and also neglected to inform the ALJ if they needed more time to pursue this evidence. The ALJ, by contrast, made no error by closing the record." (Id.). Defendant also contends that, considering the record as a whole, the new evidence that Plaintiff ultimately submitted to the Appeals Council (which the ALJ determined was duplicative of material already in the record) does not undermine the substantial evidence

supporting the ALJ's decision.[5]  (Joint Stip. at 9).  The Court agrees.

The ALJ recognized the need to consider any VA disability rating and did so.  While the ALJ must consider the VA's finding and must ordinarily give great weight to the VA's determination of disability, "[t]hat is not to say that the VA rating is conclusive. [The Ninth Circuit has] commented that 'because the VA and SSA criteria for determining disability are not identical,' [] the record may establish adequate reason for giving the VA rating less weight.  In some circumstances, the VA may assign a partial rather than a total disability rating to a veteran, [] and a partial disability rating might cut against rather than in favor of an SSA determination that the individual could not perform remunerative work of any kind."  McLeod, 640 F.3d at 886. (internal citations omitted).  Moreover, the ALJ was unable to consider the VA rating because no information was provided regarding what the rating was based upon.  The ALJ stated that the document submitted "does not explain the evidence considered [] in the VA's determination of the claimant's disability award.  The undersigned therefore cannot

---

[5] The ALJ stated that "subsequent to the claimant's May 11, 2015 hearing, the claimant was afforded the opportunity to obtain and submit a complete copy of the VA disability determination []. The documents received, however, did not include the requested complete VA determination, only a summary of the findings (essentially duplicative of documentation already in evidence): it indicates the claimant continues to receive an 80% service-connected disability benefit from the VA, in the amount of $3,015.22.  She receives a higher monthly amount because she is considered unemployable.  She is considered totally and permanently disabled, as a result of her service-connected disability." (AR 28).

establish whether the same medical and other medical evidence, used by the VA, is in evidence in the current disability determination exhibit file." (AR 28).

As Defendant correctly points out, the VA's determination of Plaintiff's partial disability was based on records through May 2012. (Joint Stip. at 10, AR 617). At the May 11, 2015 hearing, Plaintiff alleged disability beginning on January 1, 2012. (AR 58). In evaluating Plaintiff's claim, however, the ALJ considered significant evidence to which the VA did not have access, including Plaintiff's statements to SSA and her testimony at the hearing in May 2015 (AR 26-27), treatment evidence from 2010 through 2015 (AR 21-23), opinions from three different consultative examinations (AR 30-33), and the testimony of a medical expert in 2015. (AR 33-34). Since the VA's determination regarding Plaintiff's disability relied on limited evidence -- all dated prior to May 2012 -- the ALJ's decision to give less weight to the VA rating was reasonable, given the substantial evidence in the record that supported the ALJ's decision to deny Plaintiff's application for SSA benefits. Therefore, even if the ALJ kept the record open until this evidence was submitted, it would not have altered her ultimate decision to deny benefits. The ALJ'S error, if any, in closing the record prior to obtaining the VA disability determination was harmless.

\\
\\
\\

**B.  The ALJ Properly Evaluated Plaintiff's Activities Of Daily Living**

Plaintiff contends that the ALJ erred in holding that her limited activities of daily living demonstrate that her symptoms are not severe enough to be considered disabling. (Joint Stip. at 12-14). Defendant counters that the ALJ properly evaluated Plaintiff's activities of daily living. (Joint Stip. at 14-16). The Court agrees.

The ALJ found that Plaintiff has mild restrictions in her activities of daily living. (AR 24). In so finding, the ALJ evaluated the entire record and determined that Plaintiff's level of activity was inconsistent with her allegations regarding her functional limitations. (AR 28-29). The ALJ stated:

> [d]espite the [plaintiff's] repeated reports that she does 'no' household chores, to the consulting sources, she reported driving by herself to the exams, shopping, running errands, cooking, and doing other daily tasks without assistance. As discussed below, with regard to her credibility, to her providers at the VA, the [plaintiff] has admitted working at the Renaissance Fair, going to Disneyland, and attending cosmetology school. In this domain, she is therefore assessed a mild limitation.

(AR 24).

As the ALJ noted, Plaintiff admitted, in her reports to the State Agency, that she was able to leave the house by herself, as well as drive, and socialize with others about every two weeks. (AR

28). However, Plaintiff also complained that she needed to be accompanied when she left the house. (Id.). In January 2013, Plaintiff reported that she could not be around people, complained of panic attacks, and spent most of her day at home. (AR 29). However, Plaintiff had reported to her VA provider in March 2012 that she would be "working" at the Renaissance Fair throughout May, (id.), and VA records from September 2012 indicate that Plaintiff attended cosmetology classes and had gone to Disneyland the day before her office visit. (Id.). The ALJ also noted that, in April 2014, Plaintiff again admitted to working at the Renaissance Fair, (id.), and in October 2014, Plaintiff admitted to going to Disneyland once a week. (Id.).

The ALJ stated that:

> [w]hile, as a matter of law, it is not necessary for an individual to prove she is 'bedridden' to establish eligibility for benefits, in the present case, the [plaintiff] has repeatedly alleged she has 'no social life,' she cannot be around people, she cannot control her anger, she virtually never leaves her home, and she is isolative and vegetative. In 2014, she alleged her condition worsened significantly – that she only got out of bed to take her daughter to/from school. These allegations are not consistent with her admissions to her treating sources at the VA. To date, there has been an insufficient offer of proof to clarify these inconsistencies; and for these reasons, the [plaintiff] is less than entirely credible.

(AR 29-30).

Plaintiff asserts that the ALJ contravened "established legal precedent by penalizing Plaintiff for her attempts to lead as normal a life as possible in the face of her numerous severe impairments." (Joint Stip. at 13). The Court disagrees. The ALJ appropriately found that Plaintiff's inconsistent accounts undermined her credibility and that the record demonstrated that she was capable of doing more than she alleged. The ALJ properly concluded, based on a thorough review of the entire record, that Plaintiff has only mild restrictions in activities of daily living.

The Ninth Circuit has made clear that when a plaintiff's reports about her activities of daily living are subject to more than one interpretation, the ALJ's interpretation is entitled to deference as long as it is reasonable. See, e.g., Rollins v. Massinari, 261 F.3d 853, 857 (9th Cir. 2001)("It is true that [the plaintiff's] testimony was somewhat equivocal about how regularly she was able to keep up with all of these activities, and the ALJ's interpretation of her testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.").

On this record, the Court finds the ALJ's interpretation of Plaintiff's activities of daily living was reasonable and supported by the evidence. Therefore, the Court finds that the ALJ did not improperly evaluate Plaintiff's activities of daily living.

Accordingly, the ALJ's findings are free of legal error and will not be disturbed.

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 21, 2017

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE